(Official Form 1) (12/03)

| FORM B1 | United States Bankruptcy Court<br>Northern District of California | Voluntary Petition |
|---|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>Schmidt, Matthew J. | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 6 years<br>(include married, maiden, and trade names):<br>None | All Other Names used by the Joint Debtor in the last 6 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc.Sec.No./Complete EIN or other Tax ID No.<br>(if more than one, state all): 7449 | Last four digits of Soc.Sec.No./Complete EIN or other Tax ID No.<br>(if more than one, state all): |
| Street Address of Debtor (No. & Street, City, State & Zip Code):<br>1085 Azalea Lane<br>Concord, CA 94518 | Street Address of Joint Debtor (No. & Street, City, State & Zip Code): |
| County of Residence or of the<br>Principal Place of Business:  Contra Costa | County of Residence or of the<br>Principal Place of Business: |
| Mailing Address of Debtor (if different from street address): | Mailing Address of Joint Debtor (if different from street address): |
| Location of Principal Assets of Business Debtor<br>(if different from street address above): | |

## Information Regarding the Debtor (Check the Applicable Boxes)

**Venue** (Check any applicable box)

- ☑ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of 180 days than in any other District.
- ☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

**Type of Debtor** (Check all boxes that apply)

- ☑ Individual(s)
- ☐ Corporation
- ☐ Partnership
- ☐ Other _____
- ☐ Railroad
- ☐ Stockbroker
- ☐ Commodity Broker
- ☐ Clearing Bank

**Chapter or Section of Bankruptcy Code Under Which the Petition is Filed** (Check one box)

- ☐ Chapter 7
- ☐ Chapter 9
- ☐ Chapter 11
- ☐ Chapter 12
- ☑ Chapter 13

**Nature of Debts** (Check one box)

- ☑ Consumer/Non-Business
- ☐ Business

**Chapter 11 Small Business** (Check all boxes that apply)

- ☐ Debtor is a small business as defined in 11 U.S.C. § 101
- ☐ Debtor is and elects to be considered a small business under 11 U.S.C. § 1121(e) (Optional)

**Filing Fee** (Check one box)

- ☑ Full Filing Fee attached
- ☐ Filing Fee to be paid in installments (Applicable to individuals only) Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b).  See Official Form No. 3.

**Statistical/Administrative Information** (Estimates only)

- ☑ Debtor estimates that funds will be available for distribution to unsecured creditors.
- ☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

Estimated Number of Creditors

| 1-15 | 16-49 | 50-99 | 100-199 | 200-999 | 1000-over |
|---|---|---|---|---|---|
| ☑ | ☐ | ☐ | ☐ | ☐ | ☐ |

Estimated Assets

| $0 to<br>$50,000 | $50,001 to<br>$100,000 | $100,001 to<br>$500,000 | $500,001 to<br>$1 million | $1,000,001 to<br>$10 million | $10,000,001 to<br>$50 million | $50,000,001 to<br>$100 million | More than<br>$100 million |
|---|---|---|---|---|---|---|---|
| ☐ | ☑ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |

Estimated Debts

| $0 to<br>$50,000 | $50,001 to<br>$100,000 | $100,001 to<br>$500,000 | $500,001 to<br>$1 million | $1,000,001 to<br>$10 million | $10,000,001 to<br>$50 million | $50,000,001 to<br>$100 million | More than<br>$100 million |
|---|---|---|---|---|---|---|---|
| ☑ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |

Bankruptcy2005 ©1991-2005, New Hope Software, Inc., ver. 3.9.0-637 - 30984

| **Voluntary Petition** *(This page must be completed and filed in every case)* | Name of Debtor(s): Matthew J Schmidt |
|---|---|

| **Prior Bankruptcy Case Filed Within Last 6 Years** (If more than one, attach additional sheet) | | |
|---|---|---|
| Location Where Filed: NONE | Case Number: | Date Filed: |

| **Pending Bankruptcy Case Filed by any Spouse, Partner or Affiliate of this Debtor** (If more than one, attach additional sheet) | | |
|---|---|---|
| Name of Debtor: NONE | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

# Signatures

**Signature(s) of Debtor(s) (Individual/Joint)**

I declare under penalty of perjury that the information provided in this petition is true and correct.
[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.
I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X   /s/ Matthew J Schmidt
_____
Signature of Debtor

X
_____
Signature of Joint Debtor

_____
Telephone Number (If not represented by attorney)

April 28, 2005
_____
Date

**Signature of Attorney**

X   /s/ Matthew M. Spielberg
_____
Signature of Attorney for Debtor(s)

MATTHEW M. SPIELBERG 72773
_____
Printed Name of Attorney for Debtor(s)

_____
Firm Name

21855 Redwood Road
_____
Address

Castro Valley, CA 94546
_____

(510) 886-5751
_____
Telephone Number

April 28, 2005
_____
Date

**Signature of Debtor (Corporation/Partnership)**

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X
_____
Signature of Authorized Individual

_____
Printed Name of Authorized Individual

_____
Title of Authorized Individual

_____
Date

**Exhibit A**

(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11)

☐   Exhibit A is attached and made a part of this petition.

**Exhibit B**

((To be completed if debtor is an individual whose debts are primarily consumer debts)

I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter.

X   /s/ Matthew M. Spielberg          April 28, 2005
_____
Signature of Attorney for Debtor(s)          Date

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐   Yes, and Exhibit C is attached and made a part of this petition.

☑   No

**Signature of Non-Attorney Petition Preparer**

I certify that I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110, that I prepared this document for compensation, and that I have provided the debtor with a copy of this document.

_____
Printed Name of Bankruptcy Petition Preparer

_____
Social Security Number (Required by 11 U.S.C. § 110(c).)

_____
Address

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

X_____
Signature of Bankruptcy Petition Preparer

_____
Date

A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both 11 U.S.C. §110; 18 U.S.C. §156.

Bankruptcy2005 ©1991-2005, New Hope Software, Inc., ver. 3.9.0-637 - 30984

# United States Bankruptcy Court
## Northern District of California

Matthew J Schmidt

In re _____     Case No. _____
           Debtor                                                    (If known)

## SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each.  Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided.  Add the amounts from Schedules A and B to determine the total amount of the debtor's assets.  Add the amounts from Schedules D, E, and F to determine the total amount of the debtor's liabilities.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | AMOUNTS SCHEDULED | | |
| --- | --- | --- | --- | --- | --- |
| | | | ASSETS | LIABILITIES | OTHER |
| A  -  Real Property | YES | 1 | $          5,000.00 | | |
| B  -  Personal Property | YES | 4 | $         81,990.00 | | |
| C  -  Property Claimed As Exempt | YES | 1 | | | |
| D  -  Creditors Holding Secured Claims | YES | 1 | | $        19,000.00 | |
| E  -  Creditors Holding Unsecured Priority Claims | YES | 2 | | $        15,517.00 | |
| F  -  Creditors Holding Unsecured Nonpriority Claims | YES | 2 | | $         5,133.00 | |
| G  -  Executory Contracts and Unexpired Leases | YES | 1 | | | |
| H  -  Codebtors | YES | 1 | | | |
| I  -  Current Income of Individual Debtor(s) | YES | 1 | | | $        1,984.68 |
| J  -  Current Expenditures of Individual Debtor(s) | YES | 1 | | | $        1,681.00 |
| Total Number of Sheets in ALL Schedules ▶ | | 15 | | | |
| Total Assets ▶ | | | 86,990.00 | | |
| Total Liabilities ▶ | | | | 39,650.00 | |

Bankruptcy2005 ©1991-2005, New Hope Software, Inc., ver. 3.9.0-637  -  30984

In re _Matthew J Schmidt_____     Case No. _____
            Debtor                                                  (if known)

# SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a co-tenant, community property, or in which the debtor has a life estate.  Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit.  If the debtor is married, state whether husband, wife, or both own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."  If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

Do not include interests in executory contracts and unexpired leases on this schedule.  List them in Schedule G - Executory Contracts and Unexpired Leases.

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim.  See Schedule D.  If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| mineral rights in Oklahoma<br><br>debtor has 1/2, co-owner is missing, unable to cash distributions. Purchase offer of $1200 per acre, 5.5 acres | JTWROS | | 5,000.00 | None |
| | | Total ▶ | 5,000.00 | |

(Report also on Summary of Schedules)

Bankruptcy2005 ©1991-2005, New Hope Software, Inc., ver. 3.9.0-637 - 30984

FORM B6B
(10/89)

Matthew J Schmidt

In re _____     Case No. _____
                    Debtor                                          (if known)

# SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind.  If the debtor has no property in one or more of the categories, place an "X" in the appropriate position in the column labeled "None."  If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category.  If the debtor is married, state whether husband, wife, or both own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."  If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

Do not list interests in executory contracts and unexpired leases on this schedule.  List them in Schedule G-Executory Contracts and Unexpired Leases.

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1.  **Cash on hand.** | | cash on hand<br><br>residence | | 40.00 |
| 2.   **Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives.** | X | | | |
| 3.   **Security deposits with public utilities, telephone companies, landlords, and others.** | X | | | |
| 4.   **Household goods and furnishings, including audio, video, and computer equipment.** | | household goods and furnishings<br><br>residence and in storage | | 500.00 |
| 5.   **Books. Pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles.** | X | | | |
| 6.   **Wearing apparel.** | | clothing<br><br>residence | | 100.00 |

Bankruptcy2005 ©1991-2005, New Hope Software, Inc., ver. 3.9.0-637 - 30984

In re Matthew J Schmidt _____      Case No. _____
                    Debtor                                                      (if known)

# SCHEDULE B - PERSONAL PROPERTY
## (Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| **7.   Furs and jewelry.** | | jewelry<br><br>residence | | 50.00 |
| **8.   Firearms and sports, photographic, and other hobby equipment.** | X | | | |
| **9.   Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each.** | X | | | |
| **10.  Annuities.  Itemize and name each issuer.** | X | | | |
| **11.  Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Itemize.** | | union retirment (ERISA qualified)<br><br>Bricklayers Union Local 3 | | 70,000.00 |
| **12.  Stock and interests in incorporated and unincorporated businesses. Itemize.** | X | | | |
| **13.  Interests in partnerships or joint ventures.  Itemize.** | X | | | |
| **14.  Government and corporate bonds and other negotiable and non-negotiable instruments.** | X | | | |
| **15.  Accounts receivable.** | X | | | |
| **16.  Alimony, maintenance, support, and property settlement to which the debtor is or may be entitled.  Give particulars.** | X | | | |
| **17.  Other liquidated debts owing debtor including tax refunds.  Give particulars.** | X | | | |
| **18.  Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule of Real Property.** | X | | | |

Bankruptcy2005 ©1991-2005, New Hope Software, Inc., ver. 3.9.0-637 - 30984

In re ___Matthew J Schmidt_____     Case No. _____
                              Debtor                                                        (if known)

# SCHEDULE B - PERSONAL PROPERTY
## (Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| **19. Contingent and noncontingent interests in estate or a decedent, death benefit plan, life insurance policy, or trust.** | X | | | |
| **20. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights of setoff claims. Give estimated value of each.** | X | | | |
| **21. Patents, copyrights, and other intellectual property. Give particulars.** | X | | | |
| **22. Licenses, franchises, and other general intangibles. Give particulars.** | X | | | |
| **23. Automobiles, trucks, trailers, and other vehicles and accessories.** | | 2004 Ford Ranger PU 20k miles, 4cyl, auto, air and power steering<br><br>residence<br><br><br>1990 Chevrolet Caprice<br><br>residence | | 10,500.00<br><br><br><br><br>800.00 |
| **24. Boats, motors, and accessories.** | X | | | |
| **25. Aircraft and accessories.** | X | | | |
| **26. Office equipment, furnishings, and supplies.** | X | | | |
| **27. Machinery, fixtures, equipment, and supplies used in business.** | X | | | |
| **28. Inventory.** | X | | | |
| **29. Animals.** | X | | | |
| **30. Crops - growing or harvested. Give particulars.** | X | | | |
| **31. Farming equipment and implements.** | X | | | |

Bankruptcy2005 ©1991-2005, New Hope Software, Inc., ver. 3.9.0-637 - 30984

In re _____  Case No. _____

Matthew J Schmidt

Debtor                                                    (if known)

# SCHEDULE B - PERSONAL PROPERTY
## (Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| **32.  Farm supplies, chemicals, and feed.** | X | | | |
| **33.  Other personal property of any kind not already listed.** | X | | | |

0
___ continuation sheets attached

Total ▶  $                81,990.00

**(Include amounts from any continuation sheets attached.  Report total also on Summary of Schedules)**

Bankruptcy2005 ©1991-2005, New Hope Software, Inc., ver. 3.9.0-637  -  30984

Matthew J Schmidt

In re _____     Case No_____
                 Debtor                                                         (if known)

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor elects the exemption to which debtor is entitled under

(Check one box)

☐ 11 U.S.C. §522(b)(1)   Exemptions provided in 11 U.S.C.§522(d).  Note:  These exemptions are available only in certain states.

☑ 11 U.S.C. §522(b)(2)   Exemptions available under applicable nonbankruptcy federal laws, state or local law where the debtor's domicile has been located for the 180 days immediately preceding the filing of the petition, or for a longer portion of the 180-day period than in any other place, and the debtor's interest as a tenant by the entirety or joint tenant to the extent the interest is exempt from process under applicable nonbankruptcy law.

| DESCRIPTION OF PROPERTY | SPECIFY LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT MARKET VALUE OF PROPERTY WITHOUT DEDUCTING EXEMPTIONS |
|---|---|---|---|
| mineral rights in Oklahoma | C.C.P. 703.140(b)(5) | 5,000.00 | 5,000.00 |
| cash on hand | C.C.P. 703.140(b)(5) | 40.00 | 40.00 |
| household goods and furnishings | C.C.P. 703.140(b)(3) | 500.00 | 500.00 |
| clothing | C.C.P. 703.140(b)(3) | 100.00 | 100.00 |
| jewelry | C.C.P. 703.140(b)(4) | 50.00 | 50.00 |
| union retirement (ERISA qualified) | C.C.P. 703.140(b)(10)(E) | 70,000.00 | 70,000.00 |
| 1990 Chevrolet Caprice | C.C.P. 703.140(b)(2) | 800.00 | 800.00 |

**In re** _____,  **Case No.** _____

    **Debtor**                                                                          **(If known)**

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

Matthew J Schmidt

State the name, mailing address, including zip code and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition.  The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so.  List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.  List creditors in alphabetical order to the extent practicable.  If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors.  If a joint petition is filed, state whether husband, wife, both of them, or the marital community may be liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community."  If the claim is contingent, place an "X" in the column labeled "Contingent."  If the claim is unliquidated, place an "X" in the column labeled "Unliquidated."  If the claim is disputed, place an "X" in the column labeled "Disputed."  (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule.  Report this total also on the Summary of Schedules.

☐ Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND MARKET VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br><br>Triad Financial Corp<br>Dept CH10104<br>Palatine IL 60055 | | | <br><br><br>VALUE $         0.00 | | | | Notice Only | Notice Only |
| ACCOUNT NO. 00040000154607200001<br><br>Triad Financial Corp<br>PO Box 3299<br>Huntington Beach CA 92605-3299 | | | Incurred: Dec 2003<br>Lien: PMSI<br>Security: 2004 Ford Ranger PU 20k miles, 4cyl, auto, air and power steering<br>VALUE $      10,500.00 | | | | 19,000.00 | 8,500.00 |
| ACCOUNT NO.<br><br><br><br> | | | <br><br><br>VALUE $ | | | | | |
| ACCOUNT NO.<br><br><br><br> | | | <br><br><br>VALUE $ | | | | | |

0 _____ continuation sheets attached

Subtotal ➤ | $ | 19,000.00
(Total of this page)

Total ➤ | $ | 19,000.00
(Use only on last page)
(Report total also on Summary of Schedules)

Bankruptcy2005 ©1991-2005, New Hope Software, Inc., ver. 3.9.0-637 - 30984

In re Matthew J Schmidt                     .            Case No._____
              Debtor                                                                 (if known)

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether husband, wife, both of them or the marital community may be liable on each claim by placing an "H,""W,""J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotal" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Repeat this total also on the Summary of Schedules.

☐   Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS** (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐   **Extensions of credit in an involuntary case**

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(2).

☐   **Wages, salaries, and commissions**

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $4,925* per person earned within 90 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(3).

☐   **Contributions to employee benefit plans**

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐   **Certain farmers and fishermen**

Claims of certain farmers and fishermen, up to $4,925* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(5).

☐   **Deposits by individuals**

Claims of individuals up to $2,225* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(6).

☐   **Alimony, Maintenance, or Support**

Claims of a spouse, former spouse, or child of the debtor for alimony, maintenance, or support, to the extent provided in 11 U.S.C. § 507(a)(7).

☑   **Taxes and Certain Other Debts Owed to Governmental Units**

Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐   **Commitments to Maintain the Capital of an Insured Depository Institution**

Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

* Amounts are subject to adjustment on April 1, 2007, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

_____1_____ continuation sheets attached

Bankruptcy2005 ©1991-2005, New Hope Software, Inc., ver. 3.9.0-637 - 30984

Matthew J Schmidt

In re _____,     Case No. _____

                **Debtor**                                                              **(If known)**

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS
(Continuation Sheet)

Taxes & Debts to Governments

**TYPE OF PRIORITY**

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO. <br><br> Franchise Tax Board, Bankruptcy Unit PO Box 2952 stop G11 Sacramento, CA 95812-2952 | | | 1999 through 2003 540 returns | | | | 2,400.00 | 875.00 |
| ACCOUNT NO. <br><br> IRS Insolvency Offices 1301 Clay St #1400S Oakland CA 94612 | | | 1996 through 2001 1040 taxes | | | | 13,117.00 | 575.00 |
| ACCOUNT NO. <br><br> | | | | | | | | |
| ACCOUNT NO. <br><br> | | | | | | | | |
| ACCOUNT NO. <br><br> | | | | | | | | |

Sheet no. _1_ of _1_ continuation sheets attached to Schedule of Creditors Holding Priority Claims

                          Subtotal ➤   $    15,517.00
(Total of this page)

                              Total ➤   $    15,517.00
(Use only on last page of the completed Schedule E.)

(Report total also on Summary of Schedules)

Bankruptcy2005 ©1991-2005, New Hope Software, Inc., ver. 3.9.0-637 - 30984

Form B6F (12/03)

In re ___Matthew J Schmidt_____,     Case No. _____
            **Debtor**                                                    **(If known)**

# SCHEDULE F- CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether husband, wife, both of them, or the marital community maybe liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

☐ Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. <br><br> Al M Schmidt <br> 21995 Cameron St <br> Castro Valley CA 94546 | | | Consideration: Personal Loan | | | | 2,000.00 |
| ACCOUNT NO. 4024116008544049 <br><br> Bank of America <br> PO Box 2214 <br> Norfolk, VA 23501-2214 | | | Consideration: Credit Card Debt (Unsecured) | | | | 2,100.00 |
| ACCOUNT NO. 4128002061488222 <br><br> RMA <br> PO Box 105044 <br> Atlanta GA 30348 | | | Incurred: 1994 <br> Consideration: Credit Card Debt (Unsecured) <br> collection for Citibank | | | X | 325.00 |
| ACCOUNT NO. 1029390 <br><br> Sullivan Cross & Davis Inc <br> PO Box 535 <br> Wenham MA 01934 | | | Incurred: 1992 <br> collection for McDuff, through Excaliber I, LLC | | | | 688.00 |

___1___ continuation sheets attached

Subtotal ➤ (Total of this page) | $ | 5,113.00

Total ➤ (Use only on last page) | $ |

(Report total also on Summary of Schedules)

Bankruptcy2005 ©1991-2005, New Hope Software, Inc., ver. 3.9.0-637 - 30984

Case: 05-42253   Doc# 1   Filed: 04/28/05   Entered: 04/28/05 17:17:33   Page 13 of 36

Matthew J Schmidt

In re _____,     Case No. _____
               **Debtor**                                                                  **(If known)**

# SCHEDULE F- CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. 1103519385<br><br>United Online Collections<br>PO Box 6578-BD<br>Thousand Oaks, CA 91359 | | | Incurred: 2003<br>collection for netzero internet service | | | | 20.00 |
| ACCOUNT NO. | | | | | | | |
| ACCOUNT NO. | | | | | | | |
| ACCOUNT NO. | | | | | | | |
| ACCOUNT NO. | | | | | | | |

Sheet no. __1__ of __1__ continuation sheets attached to Schedule of Creditors
Creditors Holding Unsecured Nonpriority Claims

Subtotal ➤   $      20.00
(Total of this page)

Total ➤   $      5,133.00
(Use only on last page of the completed Schedule F.)

(Report total also on Summary of Schedules)

Bankruptcy2005 ©1991-2005, New Hope Software, Inc., ver. 3.9.0-637 - 30984

FORM B6G
(10/89)

Matthew J Schmidt

In re _____   Case No. _____
                       Debtor                                              (if known)

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property.  Include any timeshare interests.

State nature of debtor's interest in contract, i.e., "Purchaser," "Agent," etc.  State whether debtor is the lessor or lessee of a lease.

Provide the names and complete mailing addresses of all other parties to each lease or contract described.

NOTE:  A party listed on this schedule will not receive notice of the filing of this case unless the party is also scheduled in the appropriate schedule of creditors.

☑  Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE OF OTHER PARTIES TO LEASE OR CONTRACT | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST, STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY.  STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT |
|---|---|
| | |

Bankruptcy2005 ©1991-2005, New Hope Software, Inc., ver. 3.9.0-637  -  30984

Case: 05-42253    Doc# 1    Filed: 04/28/05    Entered: 04/28/05 17:17:33    Page 15 of 36

FORM B6H
(6/90)

In re _Matthew J Schmidt_____    Case No. _____
        Debtor                                                    (if known)

# SCHEDULE H - CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by debtor in the schedules of creditors.  Include all guarantors and co-signers.  In community property states, a married debtor not filing a joint case should report the name and address of the nondebtor spouse on this schedule.  Include all names used by the nondebtor spouse during the six years immediately preceding the commencement of this case.

☑  Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
|  |  |

Bankruptcy2005 ©1991-2005, New Hope Software, Inc., - ver. 3.9.0-637 - 30984

Matthew J Schmidt

In re_____ ,       Case No._____
                Debtor                                                           (if known)

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by a married debtor in a chapter 12 or 13 case whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.

| Debtor's Marital Status:<br><br>Single | DEPENDENTS OF DEBTOR AND SPOUSE | |
|---|---|---|
| | RELATIONSHIP<br><br>No dependents | AGE |

| Employment:<br>Occupation | DEBTOR<br>brickmason | SPOUSE |
|---|---|---|
| Name of Employer | Inland Masonry Inc | |
| How long employed | 3 weeks | |
| Address of Employer | 140 Mahew Way #700 | N.A. |
| | Pleasant Hill CA 94518 | |

**Income:** (Estimate of average monthly income)

| | | DEBTOR | SPOUSE |
|---|---|---|---|
| Current monthly gross wages, salary, and commissions<br>(pro rate if not paid monthly.) | | $ 2,730.00 | $ N.A. |
| Estimated monthly overtime | | $ 0.00 | $ N.A. |
| SUBTOTAL | | $ 2,730.00 | $ N.A. |
| LESS PAYROLL DEDUCTIONS | | | |
|   a. Payroll taxes and social security | | $ 442.00 | $ N.A. |
|   b. Insurance | | $ 30.33 | $ N.A. |
|   c. Union Dues | | $ 56.33 | $ N.A. |
|   d. Other (Specify: vacation                     ) | | $ 216.66 | $ N.A. |
| SUBTOTAL OF PAYROLL DEDUCTIONS | | $ 745.32 | $ N.A. |
| TOTAL NET MONTHLY TAKE HOME PAY | | $ 1,984.68 | $ N.A. |
| Regular income from operation of business or profession or farm<br>(attach detailed statement) | | $ 0.00 | $ N.A. |
| Income from real property | | $ 0.00 | $ N.A. |
| Interest and dividends | | $ 0.00 | $ N.A. |
| Alimony, maintenance or support payments payable to the debtor for the<br>debtor's use or that of dependents listed above. | | $ 0.00 | $ N.A. |
| Social security or other government assistance<br>(Specify) _____ | | $ 0.00 | $ N.A. |
| Pension or retirement income | | $ 0.00 | $ N.A. |
| Other monthly income<br>(Specify) _____ | | $ 0.00 | $ N.A. |
| _____ | | $ 0.00 | $ N.A. |
| TOTAL MONTHLY INCOME | | $ 1,984.68 | $ N.A. |

TOTAL COMBINED MONTHLY INCOME    $  1,984.68          (Report also on Summary of Schedules)

Describe any increase or decrease of more than 10% in any of the above categories anticipated to occur within the year following the filing of this document:

     income is seasonal, averaged

Bankruptcy2005 ©1991-2005, New Hope Software, Inc., ver. 3.9.0-637 - 30984

Matthew J Schmidt

In re _____ ,     Case No. _____
                        Debtor                                                          (If known)

# SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTORS

Complete this schedule by estimating the average monthly expenses of the debtor and the debtor's family.  Pro rate any payments made bi-weekly, quarterly, semi-annually, or annually to show monthly rate.

☐ Check this box if a joint petition is filed and debtor's spouse maintains a separate household.  Complete a separate schedule of expenditures labeled "Spouse."

| | |
|---|---|
| Rent or home mortgage payment (include lot rented for mobile home) | $ 525.00 |
| Are real estate taxes included?        Yes _____  No ✓ | |
| Is property insurance included?        Yes _____  No ✓ | |
| Utilities      Electricity and heating fuel | $ 0.00 |
|                    Water and sewer | $ 0.00 |
|                    Telephone | $ 75.00 |
|                    Other _____ | $ 0.00 |
| Home maintenance (Repairs and upkeep) | $ 0.00 |
| Food | $ 350.00 |
| Clothing | $ 60.00 |
| Laundry and dry cleaning | $ 0.00 |
| Medical and dental expenses | $ 30.00 |
| Transportation (not including car payments) | $ 325.00 |
| Recreation, clubs and entertainment, newspapers, magazines, etc. | $ 100.00 |
| Charitable contributions | $ 0.00 |
| Insurance (not deducted from wages or included in home mortgage payments) | |
|                    Homeowner's or renter's | $ 0.00 |
|                    Life | $ 0.00 |
|                    Health | $ 0.00 |
|                    Auto | $ 166.00 |
|                    Other _____ | $ 0.00 |
| Taxes (not deducted from wages or included in home mortgage payments) | |
| (Specify)_____ | $ 0.00 |
| Installment payments (In chapter 12 and 13 cases, do not list payments to be included in the plan) | |
|                    Auto | $ 0.00 |
|                    Other _____ | $ 0.00 |
|                    Other _____ | $ 0.00 |
| Alimony, maintenance, and support paid to others | $ 0.00 |
| Payments for support of additional dependents not living at your home | $ 0.00 |
| Regular expenses from operation of business, profession, or farm (attach detailed statement) | $ 0.00 |
| Other _____ union dues _____ | $ 50.00 |

TOTAL MONTHLY EXPENSES (Report also on Summary of Schedules)        $ 1,681.00

(FOR CHAPTER 12 AND 13 DEBTORS ONLY)
Provide the information requested below, including whether plan payments are to be made bi-weekly, monthly, annually, or at some other regular interval.

| | |
|---|---|
| A.  Total projected monthly income | $ 1,984.68 |
| B.  Total projected monthly expenses | $ 1,681.00 |
| C.  Excess income (A minus B) | $ 303.68 |
| D.  Total amount to be paid into plan each _____ monthly _____ | $ 300.00 |
|                                                                                    (interval) | |

Bankruptcy2005 ©1991-2005, New Hope Software, Inc., ver. 3.9.0-637 -  30984

In re  Matthew J Schmidt ,          Case No.
_____          _____
                Debtor                        (If known)

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

## DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of _____ 16 _____
sheets and that they are true and correct to the best of my knowledge, information and belief.          (Total shown on summary page plus 1)

Date  April 28, 2005          Signature  /s/ Matthew J Schmidt
_____                _____
                                                Debtor

Date _____          Signature  Not Applicable
                                        _____
                                                (Joint Debtor, if any)

[If joint case, both spouses must sign]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
**CERTIFICATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See 11 U.S.C. § 110)**

I certify that I am a bankruptcy petition preparer as defined in 11 U.S.C.§110, that I prepared this document for compensation, and that I have provided the debtor with a copy of this document.

_____          _____
Printed or Typed Name of Bankruptcy Petition Preparer          Social Security No.
                                                                (Required by 11 U.S.C. § 110(c).)

_____

_____
Address

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document:

If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person.

X_____          _____
Signature of Bankruptcy Petition Preparer          Date

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. §156.*
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Bankruptcy2005 ©1991-2005, New Hope Software, Inc., ver. 3.9.0-637 - 30984

# FORM 7.  STATEMENT OF FINANCIAL AFFAIRS

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

In Re    Matthew J Schmidt            Case No. _____
             (Name)                                         (if known)

             Debtor

## STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs.

Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. If the answer to an applicable question is "None," mark the box labeled "None." If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

### *DEFINITIONS*

*"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within the six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed.

*"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. § 101.

---

**1.  Income from employment or operation of business**

None
☐

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the two years immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | | SOURCE (if more than one) |
|---|---|---|
| 2005 | 3600 | earnings |
| 2004 | 21347 | |
| 2003 | 42638 | |

Bankruptcy2005 ©1991-2005, New Hope Software, Inc., ver. 3.9.0-637 - 30984

**2. Income other than from employment or operation of business**

None

☐

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the two years immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | | SOURCE |
|---|---|---|
| 2005 | 1200 | unemployment |

**3. Payments to Creditors**

None

☒

a. List all payments on loans, installment purchases of goods or services, and other debts, aggregating more than $600 to any creditor, made within 90 days immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

None

☒

b. List all payments made within one year immediately preceding the commencement of this case to or for the benefit of creditors, who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

**4. Suits and administrative proceedings, executions, garnishments and attachments**

None

☒

a. List all suits and administrative proceedings to which the debtor is or was a party within one year immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|

None

☒

b. Describe all property that has been attached, garnished or seized under any legal or equitable process within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

Bankruptcy2005 ©1991-2005, New Hope Software, Inc., ver. 3.9.0-637 - 30984

**5. Repossessions, foreclosures and returns**

None  List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

**6. Assignments and Receiverships**

None  a.  Describe any assignment of property for the benefit of creditors made within 120 days immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
|---|---|---|

None  b.  List all property which has been in the hands of a custodian, receiver, or court-appointed official within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|---|

**7. Gifts**

None  List all gifts or charitable contributions made within one year immediately preceding the commencement of this case, except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
|---|---|---|---|

Bankruptcy2005 ©1991-2005, New Hope Software, Inc., ver. 3.9.0-637 - 30984

**8.  Losses**

None  List all losses from fire, theft, other casualty or gambling within one year immediately preceding the
☒  commencement of this case or since the commencement of this case.   (Married debtors filing under chapter 12
or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the
spouses are separated and a joint petition is not filed.)

| DESCRIPTION<br>AND VALUE<br>OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES, AND, IF LOSS<br>WAS COVERED IN WHOLE OR IN PART BY<br>INSURANCE, GIVE PARTICULARS | DATE OF<br>LOSS |
|---|---|---|

**9.  Payments related to debt counseling or bankruptcy**

None  List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys,
☐  for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in
bankruptcy within one year immediately preceding the commencement of this case.

| NAME AND ADDRESS<br>OF PAYEE | DATE OF PAYMENT,<br>NAME OF PAYOR IF<br>OTHER THAN DEBTOR | AMOUNT OF MONEY OR<br>DESCRIPTION AND<br>VALUE OF PROPERTY |
|---|---|---|
| Matthew M. Spielberg<br>21855 Redwood Road<br>Castro Valley, CA 94546 | April 4, 2005 | 250 |
| | April 28, 2005 | 250 |

**10.  Other transfers**

None  List all other property, other than property transferred in the ordinary course of the business or financial affairs
☒  of the debtor, transferred either absolutely or as security within one year immediately preceding the
commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include transfers by
either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition
is not filed.)

| NAME AND ADDRESS OF TRANSFEREE,<br>RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY<br>TRANSFERRED AND<br>VALUE RECEIVED |
|---|---|---|

**11.  Closed financial accounts**

None  List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which
☒  were closed, sold, or otherwise transferred within one year immediately preceding the commencement of this
case.  Include checking, savings, or other financial accounts, certificates of deposit, or other instruments;  shares
and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and
other financial institutions.  (Married debtors filing under chapter 12 or chapter 13 must include information
concerning accounts or instruments held by either or both spouses whether or not a joint petition is filed, unless
the spouses are separated and a joint petition is not filed.)

| NAME AND<br>ADDRESS<br>OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR<br>DIGITS OF ACCOUNT NUMBER,<br>AND AMOUNT OF FINAL BALANCE | AMOUNT AND<br>DATE OF SALE<br>OR CLOSING |
|---|---|---|

Bankruptcy2005 ©1991-2005, New Hope Software, Inc., ver. 3.9.0-637 - 30984

### 12. Safe deposit boxes

None ☒ List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
|---|---|---|---|

### 13. Setoffs

None ☒ List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within 90 days preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
|---|---|---|

### 14. Property held for another person

None ☒ List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
|---|---|---|

### 15. Prior address of debtor

None ☐ If the debtor has moved within the two years immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
|---|---|---|
| 2033 Sierra Rd #2 Concord CA 94521 | | to Feb 2004 |

### 16. Spouses and Former Spouses

None ☒ If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the six-year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

Bankruptcy2005 ©1991-2005, New Hope Software, Inc., ver. 3.9.0-637 - 30984

**17. Environmental Sites**

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law

None
☒

a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
| --- | --- | --- | --- |

None
☒

b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
| --- | --- | --- | --- |

None
☒

c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

| NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
| --- | --- | --- |

**18. Nature, location and name of business**

None
☒

a.     If the debtor is an individual, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partnership, sole proprietorship, or was a self-employed professional within the six years immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within the six years immediately preceding the commencement of this case.

If the debtor is a partnership, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity  securities, within the six years immediately preceding the commencement of this case.

If the debtor is a corporation, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within the six years immediately preceding the commencement of this case.

| NAME | TAXPAYER I.D. NO. (EIN) | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
| --- | --- | --- | --- | --- |

Bankruptcy2005 ©1991-2005, New Hope Software, Inc., ver. 3.9.0-637 - 30984

b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

None
☒

NAME                                                    ADDRESS

## [Questions 19 - 25 are not applicable to this case]

\*     \*     \*     \*     \*     \*

*[If completed by an individual or individual and spouse]*

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date   April 28, 2005                         Signature        /s/ Matthew J Schmidt
                                              of Debtor
                                                               MATTHEW J SCHMIDT

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**CERTIFICATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See 11 U.S.C. § 110)**

I certify that I am a bankruptcy petition preparer as defined in 11 U.S.C.§110, that I prepared this document for compensation, and that I have provided the debtor with a copy of this document.

_____          _____
Printed or Typed Name of Bankruptcy Petition Preparer       Social Security No.
                                                            (Required by 11 U.S.C. § 110(c).)

_____

_____
Address

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document:

If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person.

X_____          _____
Signature of Bankruptcy Petition Preparer                   Date

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. §156.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

___0___ continuation sheets attached

***Penalty for making a false statement:  Fine of up to $500,000 or imprisonment for up to 5 years, or both.  18 U.S.C. §152 and 3571***

Bankruptcy2005 ©1991-2005, New Hope Software, Inc., - ver. 3.9.0-637  -  30984

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA

In re:

Matthew J Schmidt

Case No.
Chapter 13

Debtor(s)

## CREDITOR MATRIX COVER SHEET

I declare that the attached Creditor Mailing Matrix, consisting of _0_ sheets, contains the correct, complete and current names and addresses of all priority, secured and unsecured creditors listed in debtor's filing and that this matrix conforms with the Clerk's promulgated requirements.

DATED __April 28, 2005__

/s/Matthew M. Spielberg
Signature of Debtor's Attorney or Pro Per Debtor

Al M Schmidt
21995 Cameron St
Castro Valley CA 94546


Bank of America
PO Box 2214
Norfolk, VA 23501-2214


Franchise Tax Board, Bankruptcy Unit
PO Box 2952 stop G11
Sacramento, CA 95812-2952


IRS Insolvency Offices
1301 Clay St #1400S
Oakland CA 94612


RMA
PO Box 105044
Atlanta GA 30348


Sullivan Cross & Davis Inc
PO Box 535
Wenham MA 01934


Triad Financial Corp
Dept CH10104
Palatine IL 60055


Triad Financial Corp
PO Box 3299
Huntington Beach CA 92605-3299


United Online Collections
PO Box 6578-BD
Thousand Oaks, CA 91359

# United States Bankruptcy Court
## Northern District of California

In re  Matthew J Schmidt

Case No. _____

Chapter _____13_____

Debtor(s)

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR

1.  Pursuant to 11 U .S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above-named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follow s:

For legal services, I have agreed to accept ............................................ $ ___2,500.00___

Prior to the filing of this statement I have received ........……………................. $ ___500.00___

Balance Due ............................................……………………................. $ ___2,000.00___

2.  The source of compensation paid to me was:

☑ Debtor          ☐ Other (specify)

3.  The source of compensation to be paid to me is:

☑ Debtor          ☐ Other (specify)

4.  ☑  I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

☐  I have agreed to share the above-disclosed compensation with a other person or persons who are not members or associates of my law firm.  A copy of the agreement, together with a list of the names of the people sharing in the compensation, is attached.

5.  In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

   a.  Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
   b.  Preparation and filing of any petition, schedules, statements of affairs and plan which may be required;
   c.  Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;

6.  By agreement with the debtor(s), the above-disclosed fee does not include the following services:

Representation in adversary and contested matters, unless otherwise retained.

Bankruptcy2005 ©1991-2005, New Hope Software, Inc., ver. 3.9.0-637 - 30984

---

### CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in the bankruptcy proceeding.

__April 28, 2005_____          /s/ Matthew M. Spielberg_____
*Date*                                            *Signature of Attorney*

_____
*Name of law firm*

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF CALIFORNIA

In re:

Matthew J Schmidt                     **Case No.**

**DC No.**

Debtor(s)

## CHAPTER 13 PLAN

☐ **MOTION TO VALUE COLLATERAL and**
☐ **MOTION TO AVOID LIENS**
**(CHECK IF MOTION(S) INCLUDED)**

**THIS PLAN AND ANY MOTIONS INCLUDED WITH IT MAY BE APPROVED BY THE COURT WITHOUT A HEARING UNLESS AN OBJECTION IS FILED, SERVED, AND SET FOR HEARING BY A CREDITOR OR THE TRUSTEE. ANY OBJECTION MUST BE FILED AND SERVED UPON DEBTOR, DEBTOR'S ATTORNEY, AND TRUSTEE NOT LATER THAN 14 DAYS AFTER THE CONCLUSION OF THE MEETING HELD PURSUANT TO 11 U.S.C. § 341(a). A HEARING ON ANY OBJECTION MUST BE SET BY THE OBJECTOR ON THE EARLIEST AVAILABLE COURT DATE CONSISTENT WITH GIVING NOTICE PURSUANT TO LOCAL BANKRUPTCY RULE 9014-1(f)(1). THE COURT'S SELF-SET HEARING RULES AND PROCEDURES ARE AVAILABLE ON THE COURT'S INTERNET SITE, WWW.CAEB.USCOURTS.GOV, AND AT ITS PUBLIC COUNTERS.**

## CHAPTER 13 PLAN

Debtor proposes the following Chapter 13 Plan effective from the date of the petition:

### I. Plan Payments and Term

In order to complete this plan, the future projected disposable income of Debtor shall be submitted to the supervision and control of the Chapter 13 Trustee on a monthly basis. Debtor shall pay to Trustee the sum of $300.00 each month which includes an amount equal to all monthly contract installments due to Class 1 secured claim holders, if any. This plan will continue for _____ months. Unless all allowed unsecured claims are paid in full, the plan shall not terminate earlier than the stated term or 36 months, whichever is longer. If necessary to complete this plan, the term shall be extended up to 6 months, but the plan may not exceed 60 months in length. [*If any of the foregoing is left blank, refer to the "Additional Provisions" below.*]

### II. Classification and Treatment of Claims and Expenses

Claims and expenses owed by Debtor are classified and provided for below. A timely proof of claim must be filed by or on behalf of a creditor, including a secured creditor, before a claim may be paid pursuant to this plan. However, monthly contract installments falling due after the filing of the petition shall be paid to each holder of a Class 1 and Class 4 secured claim whether or not a proof of claim is filed or the plan is confirmed. The proof of claim, not the plan or the schedules, shall determine the amount and classification of a claim. If a claim is provided for by this plan and a proof of claim is filed, dividends shall be paid based upon the proof of claim unless the granting of a valuation or a lien avoidance motion, or the sustaining of a claim objection, affects the amount or classification of the claim. Secured claims not listed within Classes 1, 2, 3, or 4, and priority claims not listed within Class 5 are not provided for by the plan.

**1. Chapter 13 Trustee's fees** shall be allowed and paid as determined by statute. Trustee may receive up to 10% of payments made under this plan, whether made before or after confirmation, excluding direct payments on account of Class 4 claims.

**2. Administrative Expenses:** Unless otherwise ordered or the administrative claimant agrees to a different treatment, court approved administrative expenses, including Debtor's attorney's fees, shall be paid after Trustee's administrative fees and monthly contract installments due on Class 1 secured claims but before further payment of Class 1, 2, 5, 6, and 7 pre-petition claims. If there is more than one administrative expense, all such expenses shall be paid on a pro rata basis.

Debtor paid an attorney $500.00 prior to the filing of the petition.

☐ Debtor's attorney opts to have his or her remaining fees approved and paid in accordance with the Court's Guidelines for Payment of Attorneys' Fees in Chapter 13 Cases. Debtor has agreed to pay the attorney an additional $ 2,500.00.

☐ Debtor's attorney opts out of the Guidelines for Payment of Attorneys' Fees in Chapter 13 Cases and instead will disclose and seek approval of further fees in accordance with applicable authority including 11 U.S.C. §§ 329 and 330, Fed.R.Bankr.P. 2002, 2016, and 2017. The attorney estimates that additional fees and costs of $_____ will be incurred by Debtor in confirming this plan.

**B. Secured Claims**

**Class 1. Long-term secured claims that were delinquent when the petition was filed and that mature after the last payment under the plan,** including home loans and car loans. Creditors holding Class 1 claims will retain their liens. Pre-petition arrears, together with interest as specified below, will be cured by this plan. Trustee shall pay to Class 1 claim holders all monthly contract installment payments falling due after the filing of the petition. See section III(E). Class 1 claims are not modified by this plan.

| CLASS 1 CREDITOR'S NAME/COLLATERAL DESCRIPTION | REGULAR PAYMENT | MONTHLY LATE CHARGE | PRE-PETITION ARREARS | INTEREST RATE |
|---|---|---|---|---|
| 1 | | | | |
| 2 | | | | |
| 3 | | | | |

*In the column "Regular Payment" indicate the amount of the monthly con tract installment including any impounds. However, whatever Debtor lists as the regular payment, the amount due is the amount required by the contract. In the column "Late Charge" indicate the amount charged for late payment of a monthly contract installment. In the column "Pre-Petition Arrears" include the accrued but unpaid interest and principal through the date of bankruptcy as well as other accrued and unpaid cha rges such as attorneys' fees and foreclosure costs. In the column "Interest Rate" specify the rate at which pre-petition arrears will accrue interest. If no interest rate is specified, 10% per annum will be imputed.*

**Class 2. Secured claims that are modified by this plan or that will not extend beyond its length.** This class includes any secured claim that has matured or will mature prior to the completion of the plan. It also includes any secured claim, regardless of its original maturity date, that is modified by this plan. Each secured claim will continue to be secured by its existing lien and will be paid its full amount or the market value of its collateral, whichever is less if permitted by § 1322(b)(2), with interest.

| CLASS 2 CREDITOR'S NAME/COLLATERAL DESCRIPTION | CLAIM AMOUNT | MARKET VALUE OF COLLATERAL | INTEREST RATE |
|---|---|---|---|
| 1. | | | |
| 2 | | | |

*In the column "Claim Amount" include the unmatured principal, the accrued but unpaid principal and interest through the date of bankruptcy, as well as other accrued and unpaid charges such as attorneys' fees and foreclosure costs. If the market value of the creditor's collateral is less than the amount of the claim amount, the market value will be paid provided a Motion to Value Collateral (see Attachment M-3) is granted. Any deficiency will be treated as a Class 7 general unsecured claim unless it is classified as a Class 5 priority claim. If such a motion is not granted, the secured claim will be paid as demanded in the proof of claim. In the column "Interest Rate" specify the rate at which the claim will accrue interest. If no interest rate is specified, 10% per annum will be imputed.*

**Class 3. Secured claims satisfied by the surrender of collateral.** As to personal property secured claims, Debtor shall tender the collateral to the creditor not later than 5 days after confirmation of this plan. As to real property secured claims, the creditor may conduct a foreclosure of the real property. Upon sale, Debtor shall give up possession. Entry of the confirmation order shall constitute an order modifying the automatic stay of 11 U.S.C. § 362 to allow the holder of a Class 3 secured claim to receive, take possession of, foreclose upon, and to exercise its rights and judicial and nonjudicial remedies against its collateral.

| CLASS 3 CREDITOR NAME/ COLLATERAL DESCRIPTION | ESTIMATED DEFICIENCY | IS DEFICIENCY A PRIORITY CLAIM? (Y OR N) |
|---|---|---|
| 1. | | |
| 2. | | |

**Class 4. Secured claims paid directly by Debtor or third party.** This class includes secured claims with due dates extending beyond the length of the plan that were not in default when the bankruptcy was filed and are not modified by this plan. Holders of Class 4 claims shall retain their liens. Monthly contract installments shall be made by Debtor or a third party as they fall due whether or not this plan has been confirmed.

| CLASS 4 CREDITOR'S NAME | REGULAR PAYMENT | MATURITY DATE |
|---|---|---|
| 1. | | |
| 2. | | |

## C. Unsecured Claims

**Class 5. Priority unsecured claims** pursuant to 11 U.S.C. § 507 shall be paid in full. Include in the "Claim Amount" column the under-collateralized portion of any secured claim if it is entitled to priority treatment.

| CLASS 5 CREDITOR'S NAME | TYPE OF PRIORITY | CLAIM AMOUNT |
|---|---|---|
| 1. | | |
| 2. | | |
| 3. | | |

**Class 6. Special unsecured claims.** This class includes unsecured claims, such as co-signed unsecured debts, that will be paid in full even though all other unsecured claims may not be paid in full.

| CLASS 6 CREDITOR'S NAME | REASON FOR SPECIAL TREATMENT | CLAIM AMOUNT |
|---|---|---|

and not secured by a lien on property belonging to Debtor, will receive no less than a 5% dividend pursuant to this plan. Debtor estimates that general unsecured claims, including the under-collateralized portion of secured claims not entitled to priority, total $27,700.00 .

## D. Executory Contracts And Unexpired Leases

Debtor assumes the executory contracts and unexpired leases listed below. Debtor shall pay directly to the other party to the executory contract or unexpired lease, before and after confirmation, all post-petition payments. Any pre-petition arrears shall be paid in full either as a Class 1 or a Class 6 claim, or be paid a specific monthly payment as stated in the Additional Provisions below. Any executory contract or unexpired lease not listed in the table below is rejected. Entry of the confirmation order modifies the automatic stay of 11 U.S.C. § 362 to allow the nondebtor party to a rejected unexpired lease to obtain possession of leased property.

| NAME OF OTHER PARTY TO EXECUTORY CONTRACT OR UNEXPIRED LEASE | PRE-PETITION ARREARS | REGULAR PAYMENT | WILL ARREARS BE PAID AS A CLASS 1 OR 6 CLAIM, OR AS STATED IN THE ADDITIONAL PROVISIONS? |
|---|---|---|---|
| 1. | | | |
| 2. | | | |

## E. Order of Distribution Between and Among Classes

After confirmation of this plan, funds available for distribution will be paid by Trustee in the following order: **(1)** Trustee's administrative fees; then **(2)** monthly contract installments due on Class 1 claims; then **(3)** approved administrative expenses; then **(4)** the monthly payments set out in the Additional Provisions to be paid on account of arrears on assumed executory contracts and unexpired leases and any other claims specified in the Additional Provisions; then **(5)** Class 1 pre-petition arrearage claims and Class 2 claims; then **(6)** Class 5 priority unsecured claims; then **(7)** Class 6 special unsecured claims and Class 7 general unsecured claims. Within each distribution level except the second level [see III(E)(1) & (2) below], allowed claims shall be paid on a pro rata basis. Unless a claim objection is sustained, or a motion to value collateral or a lien avoidance motion is granted, distributions on account of Class 1, 2, 5, 6, and 7 pre-petition claims and arrears on executory contracts and unexpired leases will be based upon the amount stated in each claim holder's proof of claim rather than the amount estimated by Debtor in this plan.

## III. Miscellaneous Provisions

**A. Vesting of Property.** Any property of the estate scheduled under 11 U.S.C. § 521 shall [*choose one*] ☐ revest in Debtor on confirmation or ☐ not revest in Debtor until such time as a discharge is granted. In the event the case is converted to a case under Chapter 7, 11, or 12 of the Bankruptcy Code or is dismissed, the property of the estate shall be determined in accordance with applicable law.

**B. General Order.** General Order 03-03 is applicable to all Chapter 13 cases filed or converted to Chapter 13 on or after July 1, 2003. That order mandates the use of this plan and contains mandatory provisions regarding the administration of Chapter 13 cases. Copies of this General Order and the forms required by it may be obtained from the Court's Internet site, www.caeb.uscourts.gov or at the Court's public counters.

**C. Debtor's Duties.** In addition to the duties and obligations imposed upon Debtor by the Bankruptcy Code and Rules, the Local Bankruptcy Rules, and the General Order, this plan imposes the following additional requirements on Debtor: **(1) Transfers of Property and New Debt.** Debtor is prohibited from transferring, encumbering, selling, or otherwise disposing of any personal or real property with a value of $1,000 or more other than in the regular course of Debtor's financial or business affairs without first obtaining

debt exceeding $1,000 without first obtaining court authorization. If Trustee approves a proposed transfer or new debt, court approval may be obtainable without a hearing. To determine the appropriate procedure, Debtor should consult the General Order. A new consumer debt of $1,000 or less shall not be paid through this plan absent compliance with 11 U.S.C. § 1305(c). **(2) Insurance.** Debtor shall maintain insurance as required by any law or contract. **(3) Support Payments.** Debtor shall maintain ongoing child or spousal support payments directly to the court-ordered recipient. **(4) Compliance with Applicable Non-Bankruptcy Law.** Debtor's financial and business affairs shall be conducted in accordance with applicable non-bankruptcy law including the timely filing of tax returns and payment of taxes. **(5) Periodic Reports.** Upon Trustee's request, Debtor shall provide Trustee with a copy of any tax return, W-2 form, and 1099 form filed or received while the case is pending, and furnish Trustee with quarterly financial information regarding Debtor's business.

 **D. Remedies on Default.** If Debtor defaults in the performance of this plan, or if the plan will not be completed within six months of its stated term, not to exceed 60 months, Trustee or any other party in interest may request, appropriate relief by filing a motion and setting it for hearing pursuant to Local Bankruptcy Rule 9014-1.


Matthew M. Spielberg

21855 Redwood Road
Castro Valley, CA 94546
(510) 886-5751
(510) 886-5780
mspielberg@mindspring.com

DATED:  April 28, 2005

 /s/Matthew J Schmidt
Debtor's Signature


Joint Debtor's Signature

B 203
(12/94)

# UNITED STATES BANKRUPTCY COURT
## Northern District of California

In re:

Matthew J Schmidt

Case No.
Chapter 13

Debtor(s)

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR

1.  Pursuant to 11 U .S.C. § 329(a) and Fed. Bankr . P. 2016(b), I certify that I am the attorney for the above-named debtor(s) and that compensation paid to me w ithin one year before the filing of the petition in bankruptcy, or agreed to be paid to me, fo r services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

For legal services, I have agreed to accept

Prior to the filing of this statement I have received                 $ 2,500.00

Balance Due                                                                            500.00
                                                                                       $ 2,000.00

2. The source of the compensation paid to me was:
☒ Debtor
☐ Other (specify)

3.      The source of compensation to be paid to me is:
☒ Debtor                                            ☐ Other
(specify)

4. ☒ I have not agreed to share the above-disclosed compensation with
any other person unless they are members and associates of my law firm.

☐ I have agreed to share the above-disclosed compensation with a other person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation, is attached.

5.  In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, incl uding:

   a. ☒ Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;

   b. ☒ Preparation and filing of any petition, schedules, statements of affairs and plan w hich may be required;

   c. ☒ Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;

   d. ☐ Representation of the debtor in adversary proceedings and other contested bankruptcy matters;

   e. [Other provisions as needed]

# UNITED STATES BANKRUPTCY COURT
## Northern District of California

In re:

Matthew J Schmidt

Case No.
Chapter 13

Debtor(s)

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR

1.  Pursuant to 11 U .S.C. § 329(a) and Fed. Bankr . P. 2016(b), I certify that I am the attorney for the above-named debtor(s) and that compensation paid to me w ithin one year before the filing of the petition in bankruptcy, or agreed to be paid to me, fo r services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

For legal services, I have agreed to accept

Prior to the filing of this statement I have received                     $ 2,500.00

Balance Due                                                                        500.00
                                                                                       $ 2,000.00

2. The source of the compensation paid to me was:
☒ Debtor
☐ Other (specify)

3.     The source of compensation to be paid to me is:
☒ Debtor                                     ☐ Other
(specify)

4.  ☒ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

☐ I have agreed to share the above-disclosed compensation with a other person or persons who are not members or associates of my law firm.  A copy of the agreement, together with a list of the names of the people sharing in the compensation, is attached.

5.  In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, incl uding:
a. ☒ Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
b. ☒ Preparation and filing of any petition, schedules, statements of affairs and plan w hich may be required;
c. ☒ Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
d. ☐ Representation of the debtor in adversary proceedings and other contested bankruptcy matters;

e. [Other provisions as needed]